UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MARTIN DE LA CRUZ, on behalf of
himself and all others similarly situated,

                    Plaintiff,

      -against-

MANHATTAN PARKING GROUP LLC d/b/a
MANHATTAN PARKING GROUP,
METROPOLITAN PARKING GROUP LLC,
UPTOWN PARKING CORP., RELIABLE
PARKING, CORP., PROVO PARKING LLC,
POO PARKING CORP., MP GARDEN
OPERATING LLC, MP WEST 30 LLC, 1020
PARKING LLC, LAWRENCE LIPMAN,
GREG GONZALEZ, RAFAEL MALDONADO
and JOHN DOE ENTITIES 1-100,

                    Defendants.

Case No. 1:20-cv-00977 (JPO)

**DEFENDANTS' ANSWER TO
PLAINTIFF'S CLASS AND
COLLECTIVE ACTION
COMPLAINT**

Defendants Manhattan Parking Group LLC d/b/a Manhattan Parking Group ("Defendant Group"), Metropolitan Parking Group LLC ("Defendant MPG"), Uptown Parking Corp. ("Defendant UPC"), Reliable Parking, Corp. ("Defendant RPC"), Provo Parking LLC ("Defendant PPL"), Poo Parking Corp. ("Defendant Poo"), MP Garden Operating LLC ("Defendant MPGOL"), MP West 30 LLC ("Defendant MPW30"), 1020 Parking LLC ("Defendant 1020") (collectively, the "Corporate Defendants"), Lawrence Lipman, Greg Gonzalez, and Rafael Maldonado (the "Individual Defendants") (collectively with the Corporate Defendants, the "Defendants"), by and through their undersigned attorneys, for their Answer to the Class and Collective Action Complaint ("Complaint") of Plaintiff Carlos Martin De La Cruz ("Plaintiff") respond as follows:

## AS TO "INTRODUCTION"

1.      Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "1" of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever on behalf of himself or any other individual.

2.      Defendants deny the allegations set forth in Paragraph "2" of Plaintiff's Complaint, except aver that Corporate Defendants own or operate over 100 parking facilities throughout the New York City area.

## AS TO "PARTIES, JURISDICTION, AND VENUE"

3.      Defendants are without knowledge or information regarding Plaintiff's place of residence, and otherwise deny the allegations set forth in Paragraph "3" of Plaintiff's Complaint, except aver that the document submitted as Exhibit 1 speaks for itself.

4.      Defendants admit the allegations set forth in Paragraph 4" of Plaintiff's Complaint.

5.      Defendants admit the allegations set forth in Paragraph "5" of Plaintiff's Complaint.

6.      Defendants admit the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7.      Defendants admit the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8.       Defendants admit the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

2

9.      Defendants admit the allegations set forth in Paragraph "9" of Plaintiff's Complaint.

10.     Defendants admit the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11.     Defendants admit the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12.     Defendants deny the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13.     Defendants deny the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14.     Defendants deny the allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15.     Defendants deny the allegations set forth in Paragraph "15" of Plaintiff's Complaint, except aver that the document referenced speaks for itself.

16.     No response is required to the allegations set forth in Paragraph "16" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17.     Defendants admit the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18.     Defendants admit the allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19.     Defendants admit the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20.     Defendants admit the allegations set forth in Paragraph "20" of Plaintiff's Complaint.

21.     Defendants admit the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22.     Defendants admit the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23.     No response is required to the allegations set forth in Paragraph "23" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "23" of Plaintiff's Complaint, except aver that jurisdiction is proper.

24.     No response is required to the allegations set forth in Paragraph "24" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "24" of Plaintiff's Complaint, except aver that jurisdiction is proper.

25.     No response is required to the allegations set forth in Paragraph "25" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "25" of Plaintiff's Complaint, except aver that jurisdiction is proper.

26.     No response is required to the allegations set forth in Paragraph "26" of Plaintiff's Complaint to the extent they state a legal conclusion. To the extent a response is

4

required, Defendants deny the allegations set forth in Paragraph "26" of Plaintiff's Complaint, except aver that venue is proper.

## AS TO "JURY DEMAND"

27.     Defendants aver that Plaintiff demands a trial by jury as set forth in Paragraph "27" of Plaintiffs' Complaint.

## AS TO "STATEMENT OF FACTS"

28.     Defendants deny the allegations set forth in Paragraph "28" of Plaintiff's Complaint, except aver that Corporate Defendants own or operate over 100 parking facilities throughout the New York City area.

29.     Defendants deny the allegations set forth in Paragraph "29" of Plaintiff's Complaint, except aver only that Plaintiff was employed until  August 2019 and was paid at least the applicable minimum hourly wage for all hours worked.

30.     Defendants deny the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31.     Defendants deny the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32.     Defendants deny the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33.     Defendants deny the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34.     Defendants deny the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35.     Defendants deny the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36.     Defendants deny the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37.     Defendants deny the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38.     Defendants deny the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39.     Defendants deny the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40.     Defendants deny the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41.     Defendants deny the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42.     Defendants deny the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43.     Defendants deny the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44.     Defendants deny the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45.     Defendants deny the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46.     Defendants deny the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47.     Defendants deny the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48.     Defendants deny the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49.     Defendants deny the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50.     Defendants deny the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51.     Defendants deny the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52.     Defendants deny the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53.     Defendants deny the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54.     Defendants deny the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55.     Defendants admit the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56.     Defendants deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

57.     Defendants deny the allegations set forth in Paragraph "57" of Plaintiff's Complaint, except aver that Plaintiff received a paystub from the office located at 545 Fifth Avenue, Suite 600, New York, New York.

58.     Defendants deny the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59.     Defendants deny the allegations set forth in Paragraph "59" of Plaintiff's Complaint.

60.     Defendants deny the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61.     Defendants deny the allegations set forth in Paragraph "61" of Plaintiff's Complaint.

62.     Defendants deny the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63.     Defendants deny the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

64.     Defendants deny the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65.     Defendants deny the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

66.     Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "66" of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever on behalf of himself or any other individual.

8

67.     Defendants deny the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68.     Defendants deny the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69.     Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "69" of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever on behalf of himself or any other individual.

70.     Defendants deny the allegations set forth in Paragraph "70" of Plaintiff's Complaint.

71.     Defendants deny the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

72.     Defendants deny the allegations set forth in Paragraph "72" of Plaintiff's Complaint.

73.     Defendants deny the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74.     Defendants deny the allegations set forth in Paragraph "74" of Plaintiff's Complaint.

75.     Defendants deny the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76.     Defendants deny the allegations set forth in Paragraphs "76" of Plaintiff's Complaint, including subparagraphs (a) through (g).

9

## AS TO "FIRST CAUSE OF ACTION"

77.     Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "76" of Plaintiff's Complaint as though fully set forth herein.

78.     Defendants deny the allegations set forth in Paragraph "78" of Plaintiff's Complaint.

79.     Defendants deny the allegations set forth in Paragraph "79" of Plaintiff's Complaint.

80.     Defendants deny the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81.     Defendants deny the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82.     Defendants deny the allegations set forth in Paragraph "82" of Plaintiffs' Complaint.

83.     Defendants deny the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

## AS TO "SECOND CAUSE OF ACTION"

84.     Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "83" of Plaintiff's Complaint as though fully set forth herein.

85.     Defendants deny the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

10

86.     Defendants deny the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87.     Defendants deny the allegations set forth in Paragraph "87" of Plaintiff's Complaint.

88.     Defendants deny the allegations set forth in Paragraph "88" of Plaintiff's Complaint.

89.     Defendants deny the allegations set forth in Paragraph "89" of Plaintiff's Complaint.

90.     Defendants deny the allegations set forth in Paragraph "90" of Plaintiff's Complaint.

91.     Defendants deny the allegations set forth in Paragraph "91" of Plaintiff's Complaint.

## AS TO "PRAYER FOR RELIEF"

92.     Defendants deny the allegations contained in the "Prayer for Relief" clause of Plaintiff's Complaint, including the alphabetized subparagraphs (a) through (g).

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

93.     Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional affirmative and other defenses as may become available or apparent during the course of this litigation.

11

## AS AND FOR A FIRST DEFENSE

94.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SECOND DEFENSE

95.     Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly-situated persons.

## AS AND FOR A THIRD DEFENSE

96.     The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff failed to report or give notice of the allegations upon which Plaintiff bases Plaintiff's claims in the Complaint to their employer and/or failed to avail themselves of their employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly-situated persons.

## AS AND FOR A FOURTH DEFENSE

97.     Subject to proof through discovery, some or all of Plaintiff's claims are barred by the doctrines of laches, estoppel, offset, recoupment, waiver and/or other equitable defenses.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

12

## AS AND FOR A FIFTH DEFENSE

98.     Plaintiff is not entitled to equitable relief insofar as Plaintiff has an adequate remedy at law.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SIXTH DEFENSE

99.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SEVENTH DEFENSE

100.     Subject to proof through discovery, Plaintiff is not entitled to some or all of the relief sought under the doctrine of consent or because Plaintiff otherwise falls within a classification of individuals who may not recover under the causes of action alleged.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR AN EIGHTH DEFENSE

101.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A NINTH DEFENSE

102.     Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other

exemption set forth in the Fair Labor Standards Act.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A TENTH DEFENSE

103.    Plaintiff's claims cannot be certified as a class action because they fail to meet the factors set forth in Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR AN ELEVENTH DEFENSE

104.    Plaintiff's claims do not satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

## AS AND FOR A TWELFTH DEFENSE

105.    Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, credits, and/or offsets under the FLSA and/or state law.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A THIRTEENTH DEFENSE

106.    Defendants' actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and applicable state laws.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A FOURTEENTH DEFENSE

107.    Defendants' actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with applicable law, including the FLSA

and 29 U.S.C. § 260.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A FIFTEENTH DEFENSE

108.    Plaintiff is not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA or NYLL.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR A SIXTEENTH DEFENSE

109.    Even if Plaintiff prevails, his damage claims, including his claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## AS AND FOR AN SEVENTEENTH DEFENSE

110.    The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendants would result in the unjust enrichment of the Plaintiff.  This defense may apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

## ADDITIONAL RESPONSE

111.    Defendants currently have insufficient information upon which to form a belief as to whether there may exist additional, as yet unstated, defenses beyond those listed

above.  Defendants reserve the right to assert additional defenses in the event that discovery indicates additional defenses are appropriate.

WHEREFORE, Defendants pray that the Court:

(a)    Dismiss Plaintiff's Complaint in its entirety with prejudice;

(b)    Deny the demand and prayer for relief contained therein;

(c)    Award Defendants their reasonable costs and fees incurred in defending this action; and

(d)    Grant such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated:  May 29, 2020          By:    _____
          New York, New York                Jason A. Zoldessy
                                            Allison M. Benz

*ATTORNEYS FOR DEFENDANTS*

16