UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MARTIN DE LA CRUZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br><br>                  Plaintiff,<br>v.<br><br>MANHATTAN PARKING GROUP LLC d/b/a MANHATTAN PARKING GROUP, METROPOLITAN PARKING GROUP LLC, UPTOWN PARKING CORP., RELIABLE PARKING CORP., PROVO PARKING LLC, POO PARKING CORP., MP GARDEN OPERATING LLC, MP WEST 30 LLC, MP GARDEN OPERATING LLC, 1020 PARKING LLC, LA WRENCE LIPMAN, GREG GONZALEZ, RAFAEL MALDONADO and JOHN DOE ENTITIES 1-100,<br><br>                  Defendants. | Civil Action No.: 20-cv-977 (BCM) |

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

After participating in two private mediation sessions, and despite their adversarial positions in this matter, Plaintiff Carlos Martin de la Cruz ("Plaintiff") and Manhattan Parking Group LLC d/b/a Manhattan Parking Group, Metropolitan Parking Group LLC, Uptown Parking Corp., Reliable Parking Corp., Provo Parking LLC, Poo Parking Corp., MP Garden Operating LLC, MP West 30 LLC, 1020 Parking LLC, Lawrence Lipman, Greg Gonzalez, Rafael Maldonado (collectively, "Defendants," and together with Plaintiff, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Settlement Agreement and Release, as modified by the Addendum to Settlement Agreement and

Release (collectively, the "Settlement Agreement," attached as Exhibit A to the Declaration of C.K. Lee).

On September 17, 2021, Plaintiff filed a Notice of Motion for Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval to Proposed Class Action Settlement and Plan of Allocation, (3) Directing Dissemination of Notice and Related Material to the Class, and (4) Setting Date for Fairness Hearing and Related Dates ("Motion"). In his Motion, Plaintiff requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23. Plaintiff also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Class Action Settlement ("Class Notice," attached as Exhibit B to the Declaration of C.K. Lee) and a proposed Change of Address Form (attached as Exhibit C to the Declaration of C.K. Lee). Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

**I.     Background**

Plaintiff brings claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff claims, *inter alia*, that Defendants failed to pay hourly parking attendants, cashiers, and other non-exempt workers the proper spread-of-hours premium, the proper wages due to time shaving, and failed to meet the NYLL's requirements on wage statements and notices. Plaintiff, for himself and others he claims are similarly situated, sought to recover, *inter alia*, unpaid wages, unpaid spread-of-hours premiums, liquidated damages, penalties, injunctive relief and attorneys' fees and costs. Defendants have disputed, and continue to dispute, Plaintiff's allegations in this lawsuit, and Defendants deny any liability for any of the claims that have or could have been alleged by Plaintiff or the persons that he seeks to represent.

**II.      Definition of the Settlement Class**

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter.  As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class" or "Class Members"):

> Named Plaintiff and all hourly parking attendants, cashiers and other non-exempt workers, who were employed by Defendants at any time between February 5, 2014 and the date of preliminary approval, who do not opt out of the litigation.

**III.     Designation of the Class as an FLSA Collective Action**

The Court authorizes the Class Notice (attached as Exhibit B to the Declaration of C.K. Lee) to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.  Members of the Class who sign, negotiate, endorse, deposit or cash their Settlement Checks in this matter will acknowledge the following: "By my endorsement of this check, I opt into the lawsuit S.D.N.Y. 20-cv-00977, for settlement purposes only, and release all of my claims as described in the class settlement agreement."  All Settlement Checks shall be deemed filed with the Court at the time each qualified Class Member signs, endorses, deposits, cashes or negotiates his or her Settlement Checks.

**IV.     Rule 23 Certification of the Class**

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed agreement, and setting the date and time of the final approval hearing.  *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream*

*Corp.*, No. 16 Civ. 660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, No. 13 Civ. 789 (JCF), 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same). In examining potential conditional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendants' conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

      This Court finds, exclusively for the present purposes of evaluating the Settlement, that Plaintiff meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiff has demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that the Plaintiff's claims are typical of the Class, and that the Plaintiff and his attorneys would be an effective class representative and class counsel, respectively. The Court also finds that the common issues identified by Plaintiff predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported class satisfies the elements of

Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the court certifies this Class for the purposes of settlement, notice and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class and collective certification granted above shall be dissolved immediately upon notice to the Parties, and this certification shall have no further effect in this case or in any other case. Plaintiff will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision in this case.

## V. Appointment of Class Representative and Class Counsel, Appointment of Claims Administrator

Plaintiff Carlos Martin de la Cruz is appointed as class representative of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as counsel for the Class ("Class Counsel").

Arden Claims Service is appointed as the claims administrator.

## VI. Disposition of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents

shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified, and Defendants will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff.

**VII. Preliminary Approval of the Terms of the Settlement Agreement, Including the Proposed Plan of Allocation**

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the Declaration of C.K. Lee in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arms-length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class's case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the plan of allocation.

**VIII. Approval of the Form and Manner of Distributing Class Notice and Opt-Out Statement**

Plaintiff has also submitted for this Court's approval a proposed Class Notice and Change of Address Form. The Court now considers each of these documents in turn.

The proposed Class Notice and Change of Address Form appear to be the best notice practicable under the circumstances and appear to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Class Notice and Change of Address Form appears to be a reasonable method calculated to reach all Class Members who would be bound by the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notice and Change of Address Form, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

    (1)    The form and manner of distributing the proposed Class Notice and Change of Address Form are hereby approved.

      (2)      Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Class Notice and Change of Address Form, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.

      (3)      Within ten (10) calendar days of the date of entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

      (4)      Within thirty (30) calendar days of the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, along with the Change of Address Form, in both English and Spanish, using each Class Member's last known address as recorded in Defendants' payroll system.  The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable.  The Claims Administrator shall notify Class Counsel and Defendants' counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and as well as any such mail returned as undeliverable after the subsequent mailing.

      (5)      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX.    Procedures for Final Approval of the Settlement

### A.    Fairness Hearing

The Court hereby schedules, for _____, at the hour of \_\_\_\_\_, a hearing to determine whether to grant final certification of the Class, and the FLSA collective action, and final approval of the Settlement Agreement and the plan of allocation (the "Fairness Hearing").  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys'

fees and costs/expenses to Class Counsel, and any service award payments to be made to the Plaintiff. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than fifteen (15) days prior to the Fairness Hearing.

### B.    Deadline to Request Exclusion from the Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-out Statement"). To be effective, such Opt-out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Class Notice, which will be forty-five (45) calendar days after the Claims Administrator makes the initial mailing of the Class Notice.

The Claims Administrator shall stamp the postmark date of the Opt-out Statement on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' counsel not later than two (2) business days after receipt thereof. The Claims Administrator also shall, within three (3) calendar days after the end of the opt-out period, provide Class Counsel and Defendants' counsel with (1) stamped copies of any Opt-out Statements, with Social Security Numbers redacted, and (2) a final list of all Opt-out Statements. Within three (3) calendar days after the end of the opt-out period, counsel for the Parties shall file with the Clerk of Court copies of any timely submitted Opt-out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

### C.     Deadline for Filing Objections to Settlement

Class Members who wish to present objections to the proposed Settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Class Notice, which shall be forty-five (45) calendar days after the initial mailing by the Claims Administrator of such Class Notice.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties' respective counsel by email not later than two (2) business days after receipt thereof. Counsel to the Parties shall also file the date-stamped originals of any and all objections with the Clerk of Court within three (3) calendar days after the end of the opt-out period.

### D.     Deadline for Filing Motion for Judgment and Final Approval

No later than fifteen (15) days before the Fairness Hearing, the Parties will submit a joint motion for final approval of the Settlement.

### E.     Plaintiff's and Class Members' Release

If, at the Fairness Hearing, this Court grants final approval of the Settlement, Plaintiff, and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the judgment and final approval, as described in the Settlement Agreement.

DATED: _____

                                                                                    Hon. Barbara C. Moses
                                                                                    United States Magistrate Judge