# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  (212) 465-1188
cklee@leelitigation.com

September 17, 2021

**Via ECF**
The Honorable Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

    Re: *De La Cruz v. Manhattan Parking Group LLC, et al.*
       Case No. 20-CV-00977

Dear Judge Moses:

  We are counsel to Plaintiff and write, jointly with counsel to Defendants, in response to the Court's Order at Dkt. 64.

  As a preliminary matter, the parties returned to mediation with Martin Scheinman on September 9, 2021 to renegotiate certain terms of the settlement in view of the concerns raised by the Court. As indicated by the Addendum to Settlement Agreement and Release ("Addendum") and Plaintiff's Second Unopposed Motion for Preliminary Approval, simultaneously filed with this letter, the parties have agreed that Class members will *not* be required to return tax forms to the administrator in order to receive their settlement payments, and have modified the Settlement Agreement accordingly. Instead, all Class members that do not opt-out of the settlement will be mailed settlement checks upon the Court's final approval of the settlement. Notwithstanding this fundamental change to the structure of the settlement, the parties respond below to the issues raised in the Court's Order at Dkt. 64 that are applicable to the revised settlement:

1. **What estimated percentage of the proposed class does not speak English fluently? What languages do they speak? Is there a plan to translate the proposed Notice and Opt-Out Form into any other languages?**

   Although Defendants are unsure of what percentage of the proposed class does not speak fluent English, Defendants believe a portion of the proposed class is Spanish-speaking. As such, and to provide class members the best notice practicable, the parties have agreed that the Notice and Opt-out form will be sent both in English and in Spanish, to all class members, as memorialized in the Addendum.

2. **The Settlement Agreement, Notice and Opt-Out Form should be consistent, and should use language indicating that the Class Member is actively opting out or excluding himself from the class.**

The parties have revised the Notice and Opt-Out Form to conform to the language required by the Settlement Agreement regarding opting-out.

3. **The Court cannot certify a "co-extensive" collective action since the applicable statutes of limitation for FLSA and NYLL claims are different; the Court need not "certify" any FLSA collective at all.**

Plaintiff's Second Unopposed Motion for Preliminary Approval eliminates this request and solely requests the Court conditionally certify an opt-out class under Fed. R. Civ. P. 23(b)(3).

4. **Regarding the "maximum" amount of the Gross Settlement Fund, explain (i) when will the determination be made as to the need for a proportionate increase and will that be reported to the Court? and (ii) what are the mechanics of the proportionate increase if the total number of Class Members exceeds 1,650 individuals?**

Pursuant to Section 2.6 of the Settlement Agreement, "within ten (10) days of the filing of the Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator the Class List in electronic form." At this time, the determination will be made as to whether any proportional increase is necessary, as we will know whether the class size exceeds 1,650 class members or not. The mechanics would be increasing the Settlement Amount proportionate to the gross per person settlement amount ($1,200,000 / 1,650 = $727), meaning each person over 1,650 would increase the Settlement Amount by an additional $727.

5. **Section 3.5(A) states that the Settlement Administrator may deduct from the Gross Settlement Amount (in addition to Court-approved awards for service, attorneys' fees and expenses and settlement administration) "any other costs or expenses relating to the settlement (including employer-side payroll taxes such as FICA)" in order to determine the Net Settlement Amount. Aside from employer-side payroll taxes, what "other costs or expenses" may be deducted in determining the Net Settlement Amount? Who or what will receive those funds?**

While the parties are unaware of any potential "other costs and expenses relating to the settlement" at this time, other than what has been set forth in the Settlement Agreement, we wanted to make sure that in the event that any additional costs arose, such as, for example, the Court Ordering the parties to purchase a hearing transcript or additional costs incurred in connection with returning to mediation, the Settlement Agreement provided for same.

6. **Tax Form Issues**

The concerns raised by the Court in Section 6 of the Order are moot as the parties have eliminated the tax form requirement from the settlement.

\*                              \*                              \*

In view of the foregoing, and for the reasons set forth in Plaintiff's Second Motion for Preliminary Approval, we respectfully request the Court grant preliminary approval to the Settlement Agreement, as modified by the Addendum. The parties further request the September 22, 2021 conference be adjourned *sine die*. However, in the event the Court would like the conference to proceed, the parties remain available to attend and to answer any additional questions the Court may have.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc:   all parties via ECF