

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MARTIN DE LA CRUZ,

    Plaintiff,

-against-

MANHATTAN PARKING GROUP LLC, et al.,

    Defendants.

20-CV-977 (BCM)

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

This matter came before the Court on Plaintiff's Second Unopposed Motion for an Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval of Class Action Settlement and Plan of Allocation, (3) Directing Dissemination of Notice and Related Material to the Class, and (4) Setting Date for Fairness Hearing and Related Dates, dated September 17, 2021 (the Second Motion) (Dkt. No. 69). The Court has carefully reviewed the Second Motion, as well as plaintiff's Memorandum of Law dated September 17, 2021 (Dkt. No. 70), the Declaration of C.K. Lee dated September 17, 2021 (Lee Declaration) (Dkt. No. 71), including its attachments, and the parties' joint letter dated September 17, 2021 (Joint Letter) (Dkt. No. 72).

**Preliminary Approval of Settlement**

1.    Based upon its review of the papers submitted in connection with the Second Motion, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release attached to the Lee Declaration as Exhibit A (Dkt. No. 71-1, at ECF

pages 2-22), as modified by the Addendum thereto dated September 15, 2021 (Dkt. No. 71-1 at ECF pages 23-26) (collectively, the Agreement).

2. The Court finds that the Agreement, including the plan of allocation therein, was negotiated at arm's length, by counsel experienced in the prosecution of wage and hour class and collective actions, with the assistance of an experienced employment law mediator, and is not collusive. The Court further finds that the proposed settlement consideration is within the range of possible approval as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), such that notice to the Class, as defined below, is appropriate.

3. For settlement purposes only, the Court provisionally certifies the following class (the Class) pursuant to Fed. R. Civ. P. 23(e):

> Named Plaintiff and all hourly parking attendants, cashiers and other non-exempt workers, who were employed by Defendants at any time between February 5, 2014 and the date of preliminary approval.[1]

4. For settlement purposes only, the Court finds that plaintiff has met all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3). Named plaintiff Carlos Martin de la Cruz is appointed as representative of the Class.

5. For settlement purposes only, the Court conditionally approves the sending of notice under the Fair Labor Standards Act, as amended (FLSA), 29 U.S.C. § 216(b), to members of the Class (Class Members).

6. For settlement purposes only, the Court appoints Lee Litigation Group, PLLC as counsel to the Class and to Class Members (Class Counsel).

7. The Court approves the appointment of Arden Claims Service as Settlement Administrator.

---

[1] The addition of the phrase "who do not opt out of the litigation" to the end of the Class definition is unnecessary and confusing.

**Class Notice**

8.  The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached hereto (*Notice*), and directs its distribution to the Class within thirty (30) days of entry of this Order, in both English and Spanish, by First Class United States Mail (with the blanks left for dates and contact information accurately filled in).

9.  The Court finds that the content of the Notice complies with due process and Fed. R. Civ. P. 23(e) and that mailing the Notice (including its attached Opt-Out Form and Class Member Address Update Form) to all Class Members by First Class United States Mail, as contemplated by the Agreement, appears to be the best notice practicable under the circumstances and adequately puts Class Members on notice of the proposed settlement. The proposed plan for distributing the Notice appears to be a reasonable method calculated to reach all Class Members who will be bound by the settlement. The Notice also satisfies the requirements of the FLSA and adequately puts collective members on notice of the proposed settlement.

**Class Action Settlement Schedule**

10. The Court hereby sets the following settlement schedule:

   a.  Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notice, including its attachments (the Opt-Out Form and the Class Member Address Update Form), in both English and Spanish.

   b.  Within ten (10) days of the date of this Order (no later than **November 26, 2021**), Defendants' counsel shall provide the Settlement Administrator with the Class List in Electronic Form (Ag. § 2.6).

c. Within thirty (30) days after the date of this Order (no later than **December 16, 2021**), the Settlement Administrator shall mail the Notice and its attachments, in both English and Spanish, to all Class Members (Ag. § 2.4) and thereafter shall comply with the requirements of § 2.4 regarding returned Notices, the mailing of Notices to Class Members who contact the Settlement Administrator, and notification of any returned Notices.

d. The last day for Class Members to opt out of the Class and the settlement, or to submit written objections to the settlement (the Bar Date), will be forty-five (45) days after the Settlement Administrator has mailed the Notice to all Class Members (Ag. §§ 1.3, 2.7, 2.8). If the Notice is mailed to all Class Members on **December 16, 2021**, the Bar Date will be **January 31, 2022**. Three days after the Bar Date, Class Counsel shall file the materials specified in Ag. §§ 2.7(C) and 2.8(A).

e. The last day for Defendants to cancel the settlement, if more than 33% of the Class Members opt out, is thirty (30) days after the Bar Date (Ag. § 2.7(F)).

f. At least two weeks (14 days) prior to the Fairness Hearing (no later than **March 17, 2022**), Class Counsel shall file a motion for final approval of the settlement, including their application for attorneys' fees and costs and all supporting materials (Ag. § 2.9(A)). In addition to the materials specified in § 2.9(A), Class Counsel shall submit copies of any late-filed opt-out statements and/or objections and data concerning Notices that

were returned as undeliverable, and shall report whether the Gross Settlement Fund was increased in accordance with Ag. § 1.5, and if so by how much.

g. The Fairness Hearing will take place on **March 31, 2022**, at 10:00 a.m., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

Dated: New York, New York
November 16, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

# NOTICE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS MARTIN DE LA CRUZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class*, <br><br> Plaintiff, <br><br> v. <br><br> MANHATTAN PARKING GROUP LLC d/b/a MANHATTAN PARKING GROUP, METROPOLITAN PARKING GROUP LLC, UPTOWN PARKING CORP., RELIABLE PARKING CORP., PROVO PARKING LLC, POO PARKING CORP, MP GARDEN OPERATING LLC, MP WEST 30 LLC, 1020 PARKING LLC, LAWRENCE LIPMAN, GREG GONZALEZ, RAFAEL MALDONADO and JOHN DOE ENTITIES 1-100, <br><br> Defendants. | Civil Action No. 20-CV-977 (BCM) <br><br> **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING** |

**If you were employed as an hourly parking attendant, cashier, or other non-exempt worker at a parking garage in New York City operated by Manhattan Parking Group LLC, Metropolitan Parking Group LLC, Uptown Parking Corp., Reliable Parking Corp., Provo Parking LLC, Poo Parking Corp., MP Garden Operating LLC, MP West 30 LLC, 1020 Parking LLC, Lawrence Lipman, Greg Gonzalez, or Rafael Maldonado ("Defendants") at any time between February 5, 2014 to [date of preliminary approval], please read this Notice.**

DATED:   [_____, 2021]

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action lawsuit. It has been authorized by a federal court and is not a solicitation by a lawyer. It contains important information about your right to participate in the settlement, receive your proportionate share of the settlement payment, or elect not to be included in the class.**

Introduction

A former employee of Defendants, Carlos Martin de la Cruz, filed a lawsuit for allegedly unpaid wages and overtime premiums, and other claimed damages, against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *De la Cruz v. Manhattan Parking Group LLC, et al.*, Case No. 20-CV-977 (BCM). The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other hourly parking attendants, cashiers, and non-exempt employees proper wages and overtime in violation of the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants deny that they are liable or owe damages to anyone. It is Defendants' position that they properly compensated Plaintiff and other employees.

The Court has not decided who is right and who is wrong. However, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay $1,200,000 (or more, if there are more than 1,650 Class Members) to cover the claims of all of the employees in this case, including expenses such as attorneys' fees. Your legal rights may be affected by the settlement, and you have a choice to make now. Your rights and options are summarized below and fully explained in this Notice.

Based on a calculation by the Settlement Administrator, Arden Claims Service, an approved Class Member will receive approximately $[_____] for each week worked during the relevant period. If you would like to know how many weeks you were employed based on Defendants' records, or the amount estimated to be payable to you under the settlement, please contact the Settlement Administrator, Arden Claims Service, by telephone [_____] or e-mail (info@ardenclaims.com).

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything at this time. Once the settlement is finally approved by the Court, you will automatically receive your allocated settlement amount. You will also give up any rights to separately sue Defendants about the same legal claims as those alleged in this lawsuit. |
| **EXCLUDE YOURSELF ("OPT OUT")** | If you wish to exclude yourself ("opt out") from the lawsuit, you must follow the directions outlined in paragraph 7 below. If you opt out, you will give up any right to receive a payment from this settlement, but will keep any rights you have to separately sue Defendants about the legal claims alleged in this lawsuit. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If you object, you may also appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. However, if the Court rejects your objection, you will still be bound by the terms of the settlement. If you do not wish to be bound by the settlement, you must "opt out" as described herein. |

### 1. Why did I receive this notice?

You received this notice because Defendants' records show that you worked as an hourly parking attendant, cashier, or other non-exempt employee at their garage locations sometime between February 5, 2014 and [date of preliminary approval]. This period is called the Class Period.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for a group of other people, called the Class, who have similar claims. The people in the Class are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from ("opt out" of) the Class. The Honorable Barbara Moses, United States Magistrate Judge of the United States District Court for the Southern District of New York, is presiding over this class action. Judge Moses has not made any determination about who is right or wrong in this lawsuit. The settlement will not go into effect until it is finally approved by the Court after the Fairness Hearing described in paragraph 14 below.

### 3. Why is there a settlement?

Lee Litigation Group, PLLC, who have been preliminarily approved as Class Counsel, analyzed and evaluated the claims made against Defendants in this case, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a sample of the potential Class Members, and evaluated Defendants' ability to pay a judgment. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation (including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years), Class Counsel entered into the proposed settlement, which is memorialized in a written Settlement Agreement and Addendum (collectively, the "Agreement"). Class Counsel are satisfied that the terms and conditions of the settlement are fair, reasonable, and adequate and that it is in the best interest of Plaintiff and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the Class Period, after all attorneys' fees, costs, service payments, and administrative charges have been paid. If you would like to know how many weeks you were employed based on Defendants' records, or the amount estimated to be payable to you under the settlement, please contact the Settlement Administrator, Arden Claims Service, by telephone [_____] or e-mail (info@ardenclaims.com).

### 4. Payment to Class

If you do nothing, you will automatically be deemed to be part of the Class and entitled to your share of the settlement amount, based on a formula taking into account weeks you worked for Defendants during the Class Period. The Settlement Administrator has calculated that a Class Member will receive approximately $[_] for each week worked during the Class Period. If you would like information about the amount of your individual settlement payment, please contact the Settlement Administrator, Arden Claims Service, by telephone [_____] or e-mail (info@ardenclaims.com).

***Any uncashed checks, 180 days after issuance, will be cancelled and the unclaimed funds returned to Defendants.*** If you need to update your address to make sure you receive your check, see paragraph 16 below.

### 5. Payment to Class Representative

The settlement proposes that Plaintiff Carlos Martin de la Cruz, who filed this lawsuit, took a lead role in the litigation, and assisted in its resolution, will receive an extra "service payment" of $15,000 as compensation for his significant involvement and time in the litigation for the benefit of the Class Members, and for his global release of all claims against Defendants.

### 6. Procedures

If you do nothing, you will automatically participate in the settlement. If you want to exclude yourself, please refer to question 7 below.

If the Court grants final approval of the settlement, this action will end. If you are a Class Member who does not opt out, you will release Defendants through [date of preliminary approval] from all claims asserted in the lawsuit as described below. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Agreement provides that:

(i) **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted through [date of preliminary approval]; and**

(ii) **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted through [date of preliminary approval].**

**By failing to opt out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing your settlement check, you will automatically be part of the collective settlement for the federal law claims.**

### 7. How do I exclude myself from the settlement?

If you do not want to participate in the settlement, you must take steps to exclude yourself from this case. Specifically, you must mail a written, signed statement to the Settlement Administrator, stating, "I opt out of the Settlement Agreement in the action styled *De La Cruz v. Manhattan Parking Group, LLC, et al.*, Case No. 20-cv-977," or words to similar effect, and include your name, address, and telephone number ("Opt-out Statement"). If you wish, you may use the preprinted Opt-out Statement attached to this Notice. To be effective, the Opt-out Statement must postmarked by [_____], 2022 and mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, at this address:

*Manhattan Parking Settlement Claims Administrator*
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050

If you exclude yourself from the lawsuit and settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

**8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

No. By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is [____], 2022.

**9. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit. But you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding the same claims.

**10. Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, NY 10011, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees will be paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the lawyers and other service providers be paid?**

Class Counsel will ask the Court to approve payment to them of up to $400,000 (1/3 of the total settlement fund established by Defendants) for attorneys' fees, plus additional costs and expenses, in an amount to be determined, of up to $10,000. The fees would pay Class Counsel for all work that they have performed in this action, including filing the complaint and legal briefs, engaging in discovery, investigating the facts, attending court conferences, and negotiating and overseeing the settlement.

The Agreement also calls for a payment of $55,000 as fees to Arden Claims Service to administer the settlement.

**12. How do I tell the Court if I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. However, if the Court rejects your objection, you will still be bound by the terms of the settlement. To object, you must send a letter to the Settlement Administrator saying that you object to the settlement in *De la Cruz v. Manhattan Parking Group LLC, et al.*, Case No. 20-CV-00977. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number.

5

If you wish to present your objection at the Fairness Hearing described in paragraph 14 below, you must state your intention to do so in your written objection. You statement should be as detailed as possible; the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. To be effective, your written objection must be postmarked by [_____], 2022 and mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, at this address:

***Manhattan Parking Settlement Administrator***
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050

***Do not write directly to the Court***. The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel, and your objection will be filed with the Court.

### 13. What's the difference between objecting and excluding myself, and can I do both?

No. Objecting is telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a Fairness Hearing to decide whether to finally approve the settlement. At the Fairness Hearing, the Court will consider all objections that were submitted on time, and Class Counsel will answer any questions the Judge may have.

If you send an objection, it is not necessary for you to come to the Fairness Hearing to talk about it, but you may do so if you wish. You may also pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it, whether or not you attend the Fairness Hearing.

### 14. When and where will the Court decide whether to approve the settlement?

The Court will hold the Fairness Hearing at [_____] [a.m./p.m.] on [_____], 2022, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them as well. The judge will listen to people who submitted objections on time and asked to speak at the hearing. The Court will also consider how much to award Class Counsel in fees and expenses. Typically, the Court will decide whether to approve the settlement and how much to award to Class Counsel at the Fairness Hearing. However, the Court could decide to consider the issues further or request additional information before making a decision.

| **15. Are there more details about the settlement?** |
|---|

This Notice summarizes the proposed settlement. More details are in the written Agreement. You can obtain a copy of the entire Agreement by writing or calling the Settlement Administrator.

You may also contact Class Counsel at the address and/or telephone number below:

Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Telephone: [_____]

| **16. What if I am moving? How will I get my check?** |
|---|

If you need to update your address, please complete the Class Member Address Update Form attached to this Notice and mail it to the Settlement Administrator.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CARLOS MARTIN DE LA CRUZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

　　　　　　　　　　　　　　　Plaintiff,

-against-

MANHATTAN PARKING GROUP LLC d/b/a MANHATTAN PARKING GROUP, METROPOLITAN PARKING GROUP LLC, UPTOWN PARKING CORP., RELIABLE PARKING CORP., PROVO PARKING LLC, POO PARKING CORP., MP GARDEN OPERATING LLC, MP WEST 30 LLC, 1020 PARKING LLC, LAWRENCE LIPMAN, GREG GONZALEZ, RAFAEL MALDONADO and JOHN DOE ENTITIES 1-100,
　　　　　　　　　　　　　　　Defendants.

**Civil Action No. 20-CV-977 (BCM)**

------------------------------------------------------------X

# OPT OUT STATEMENT

**Complete and mail this Opt-Out Statement by [_____], 2021 to:**

Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050

**I OPT OUT OF THE SETTLEMENT AGREEMENT** in the action *De La Cruz v. Manhattan Parking Group, LLC, et al*. pending in the United States District Court for the Southern District of New York, Case No. 20-CV-977 (BCM).

Date: _____

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Print Name

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY
FROM THE SETTLEMENT.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

CARLOS MARTIN DE LA CRUZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

                        Plaintiff,

-against-

MANHATTAN PARKING GROUP LLC d/b/a MANHATTAN PARKING GROUP, METROPOLITAN PARKING GROUP LLC, UPTOWN PARKING CORP., RELIABLE PARKING CORP., PROVO PARKING LLC, POO PARKING CORP., MP GARDEN OPERATING LLC, MP WEST 30 LLC, 1020 PARKING LLC, LAWRENCE LIPMAN, GREG GONZALEZ, RAFAEL MALDONADO and JOHN DOE ENTITIES 1-100,

                        Defendants.

**Civil Action No. 20-CV-977 (BCM)**

------------------------------------------------------X

# CLASS MEMBER ADDRESS UPDATE FORM

**To update your contact information, please complete this form and mail to:**

Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050

_____
(First, Middle, Last Name)
_____
(Street Address)
_____
(City) (State) (Zip Code)

_____                    _____
(Telephone Number)                                         (Social Security Number or TIN Number)

**IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE SETTLEMENT ADMINISTRATOR AT [_____].**