

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MARTIN DE LA CRUZ, et al.,

    Plaintiff,

-against-

MANHATTAN PARKING GROUP LLC, et al.,

    Defendants.

20-CV-977 (BCM)

**ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL, GRANTING MOTION FOR SERVICE AWARD, AND GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND ADMINISTRATION FEES**

**BARBARA MOSES, United States Magistrate Judge.**

    The parties entered into a Settlement Agreement and Release on January 4, 2021 (Dkt. 63-1) and filed for preliminary approval on January 21, 2021. (Dkt. 61.) On July 12, 2021, the Court issued an order detailing concerns with the settlement model and requesting additional information. (Dkt. 64.) On July 30, 2021, after the parties informed the Court of their intent to return to mediation to resolve the issues raised by the Court, the Court issued an order administratively denying the motion for preliminary approval, without prejudice to refiling after the parties' return to mediation. (Dkt. 68.) The parties returned to mediation and on September 15, 2021, entered into an Addendum to Settlement Agreement and Release (the Addendum) (Dkt. 71-1) (collectively with the Settlement Agreement and Release, the Settlement Agreement). Plaintiff filed a second motion for preliminary approval on September 17, 2021 (Dkt. 69), which, for settlement purposes only, defendants did not oppose.

    On November 16, 2021, the Court entered an order (the Preliminary Approval Order) (Dkt. 74) granting preliminary approval to the settlement memorialized in the Settlement Agreement (the Settlement), provisionally certifying a settlement class (the Class) pursuant to Fed. R. Civ. P. 23(e) and appointing Carlos Martin de la Cruz (the Named Plaintiff) as representative of Class, approving the sending of a Notice to members of the Class (Class Members), appointing Lee Litigation Group, PLLC (LLG) as Class Counsel, and appointing Arden Claims Service as Settlement Administrator.

On March 16, 2022, Named Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement (the Motion for Final Settlement Approval) (Dkt. 93), which for settlement purposes only, defendants did not oppose. That same day, Named Plaintiff filed a Motion for Approval of Service Award (Motion for Service Award) (Dkt. 96), and a Motion for Approval of Attorneys' Fees, Costs and Expenses, and Administration Fees (Motion for Attorneys' Fees and Administration Fees) (Dkt. 98), which defendants likewise did not oppose.

After due and adequate notice was given to the Class Members, as required by the Preliminary Approval Order, the Court held a fairness hearing on May 2, 2022. No Class Member objected to the Settlement.

Having carefully considered the Motion for Final Settlement Approval, the Motion for Attorneys' Fees and Administration Fees, the Motion for Service Award, and the supporting papers, the argument presented at the May 2, 2022 fairness hearing, and the complete record in this matter, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Except as otherwise specified herein, the Court for purposes of this order adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over the defendants.

3. Pursuant to Rule 23(a) and (b)(3), the Court confirms as final its certification of the following Class for settlement purposes: Named Plaintiff and all hourly parking attendants, cashiers, and other non-exempt workers, who were employed by defendants at any time between February 5, 2014 and November 16, 2021.

4.     Pursuant to 29 § U.S.C. 216(b), the Court certifies the following FLSA collective for settlement purposes:  Named Plaintiff and all hourly parking attendants, cashiers, and other non-exempt workers, who were employed by defendants at any time between February 5, 2017 and November 16, 2021, and who opt in to the collective by endorsing and depositing their settlement check.

5.     The Court confirms as final the appointment of Named Plaintiff Carlos Martin de la Cruz as representative of the Class.

6.     The Court confirms as final the appointment of LLG as Class Counsel for the Class pursuant to Fed. R. Civ. P. 23(g) and for members of the FLSA collective.

7.     The Court finds that the mailing and distribution of the Notice (in English and Spanish) pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the FLSA, and due process.

8.     Pursuant to Fed. R. Civ. P. 23(e) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 119 (2d Cir. 2015), the Court hereby grants the Motion for Final Settlement Approval and finally approves the Settlement as set forth therein. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. (*See* Dkts. 75-92.)

9.     The Court finds that the Settlement is procedurally fair because it was reached through arm's-length negotiations, with the assistance of a neutral mediator, and after experienced counsel evaluated the merits of plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10.    The Court also finds that the Settlement is substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical

framework for evaluating the substantive fairness of a class action settlement, and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), which identifies factors appropriately used to evaluate the fairness of an FLSA settlement, weigh in favor of final approval. The Settlement reflects a reasonable compromise over contested issues involving a bona fide dispute, and its terms are rationally related to the strength of plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

11. The Court finds that the reaction of the Class to the Settlement was positive, in that no Class Member objected to the Settlement.

12. The Court finds that the proposed plan of allocation, set forth in ¶ 3.5 of the Settlement Agreement, is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

13. Neither the Settlement Agreement nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission of liability, fault, or wrongdoing by any defendant.

14. The Court approves and finds reasonable the service award of $15,000, in recognition of the services Named Plaintiff rendered on behalf of the Class, and consequently grants the Motion for Service Award. The service award shall be paid by or on behalf of the defendants, from the Settlement Fund, according to the terms of the Settlement Agreement.

15. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $55,000, and consequently grants in part the Motion for

Attorneys' Fees and Administration Fees. The Settlement Administrator's fees shall be paid by or on behalf of defendants, from the Settlement Fund, according to the terms of the Settlement Agreement.

16. In accordance with the recommendation of the Federal Judicial Center,[1] the Court hereby directs Class Counsel to report in writing, promptly after the expiration of the 180-day period set forth in ¶ 3.1(D) and (E) of the Settlement Agreement: (a) how many Settlement Checks were mailed to Class Members; (b) the range and average amount of the payments; (c) how many Settlement Checks were negotiated during the 180 day period; (d) how many were not; and (e) the amount refunded to defendants pursuant to ¶ 3.1(E).

17. Final judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and 58 consistent with the terms of the Settlement Agreement. The Court will retain jurisdiction over this action for the limited purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this order.

It is SO ORDERED this 12th day of July, 2022.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] *See* Barbara J. Rothstein and Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide for Judges, 25 (Fed. Jud. Ctr.) (3d ed. 2010), at 25 (identifying the values of "[k]nowing the claims rate" and concluding that "to remedy the current lack of knowledge about claims rates and class member recoveries, judges should routinely order the parties to report such information to the court and place it in the public record").